Packard De Luxe Lines, Inc., Defendant in Error, v. Herbert E. Hudson, Plaintiff in Error.

Gen. No. 32,404.

Opinion filed May 8, 1928.

JOHN E. VAN NATTA, for plaintiff in error.

HENRY S. SHEDD and JOHN L. SMITH, for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

Plaintiff is a corporation organized under the laws of this State. Defendant was one of its incorporators, and a subscriber to 30 shares of its capital stock at a par value of $100 a share. This suit was brought to recover $1,500 as due and unpaid for 15 of said shares. From a judgment for that sum this appeal was taken.

The amended statement of claim sets forth the fact of such subscription as it appears in the statement of incorporation filed in the office of the secretary of State, December 9, 1922, and executed and acknowledged by the defendant, a copy of which statement is attached to and made a part of the statement of claim, and alleges that defendant paid for 15 of said shares and has failed or refused to pay for the other 15.

The statement of incorporation, as shown by said copy, is in the usual form used in this State. It sets forth the name and address of each of the subscribers to the capital stock, including defendant, the amount subscribed and paid in by each; that 250 shares of said capital stock were subscribed for at said par value; that each subscriber paid one-half of the amount of his subscription; that defendant subscribed $3,000 for 30 of said shares, and paid in $1,500, and states that of said stock the corporation "proposed to issue at once" the number of shares so subscribed for on which was paid the amounts as aforesaid. Defendant was designated therein as one of the board of directors, and made oath and acknowledgment to the incorporation papers as one of the incorporators.

Defendant's affidavit of merits does not deny any of said allegations but relies on defenses which may be summarized as follows: That the suit was not authorized; that neither the sale nor the issuance of any of the stock of the corporation has been reported to the secretary of State, as required by law, including the 15 shares defendant has not paid for; that by reason of

such failure so to report plaintiff is without authority to transact business; that no personal or written demand, as required by law, had been made upon defendant for the balance claimed to be due on his said subscription.

It will thus be seen that the defense made is mainly one of law rather than of fact.

Defendant also filed a set-off, claiming in effect the right to a return of the $1,500 it had paid for 15 shares of the stock on the theory that it was entitled to the return of said money, with interest and reasonable attorney's fees, because the issuance of said stock had never been reported to the secretary of State, and because seven of the shares had never been issued to defendant.

Issue was taken thereon by plaintiff claiming issuance of the stock and reporting the same as required by law.

The cause coming to hearing, plaintiff introduced a certified copy of the charter of incorporation which conformed in every respect to the copy attached to the statement of claim, and rested.

The court overruled defendant's motion for a finding for defendant, and thereupon defendant was called and testified that he had never received a signed certificate for seven shares, but one had been sent to him unsigned, which he returned for signature, but that the same had never been delivered to him; that he received the certificate for eight shares and paid $1,500 to the company for those two certificates. Thereupon plaintiff tendered a duly signed and sealed certificate for seven shares of the stock, and the tender was refused.

In rebuttal plaintiff's attorney took the witness stand and testified that he was directed by the president of the company to bring the suit.

In support of the defense plaintiff in error relies upon section 28, Cahill's St. ch. 32, ¶ 28, pertaining to the issue of stock, and section 32, Cahill's St. ch. 32,

¶ 32, relating to payments of subscriptions, of the General Incorporation Act. But we think there can be no doubt that said paragraph 28 applies only to additional stock authorized to be issued subsequent to the stock specified in the statement of incorporation as proposed to be issued at once, and to an increase of the original capitalization of the corporation, and that paragraph 32 has reference only to stock subscription payable in instalments. Nothing is said in the subscription of defendant, as it appears in the statement of incorporation, as to when the balances of the subscriptions are to be paid. On completion of the incorporation the charter contemplates that the stock so subscribed for shall issue at once and shall be paid for as issued unless made payable in instalments by action of the board of directors. It does not appear either as a defense or in the record that any such action was ever taken.

Inasmuch as the secretary of State is informed in the statement of incorporation itself of the proposal to issue the stock at once it would be entirely superfluous to require a report back to the secretary of State that the stock was issued in conformity with such proposal and pursuant to the implied power to issue it on the completion of the incorporation. The corporation needs no further authority to issue the stock than the filing and approval of said statement by the secretary of State.

We think proper authorization to bring suit was shown and that the case is not one requiring compliance with the conditions in section 32, Cahill's St. ch. 32, ¶ 32, before bringing the suit.

Nor do we concur in the view that the certified copy of the statement of incorporation did not constitute ample proof of defendant's subscription to 30 shares of the capital stock. But such subscription was not denied, and under general principles of pleading—in the absence of the rules of the municipal court—stands admitted.

If, therefore, the stock was properly issued and no subsequent report thereof was required by law, and the suit was authorized, the defense falls to the ground.

Counsel for plaintiff in error recognizes that his defense is mainly one of law resting upon the construction of the Incorporation Act, Cahill's St. ch. 32. But, as before stated, we cannot agree with his construction.

We do not think defendant was in a position to repudiate his contract of subscription as to the seven shares of stock merely because it had not been returned to him duly signed before the trial. It does not appear that its issuance was ever refused. It was a mere matter of neglect and affords no basis for his counterclaim or return of the money he had paid therefor.

The judgment will be affirmed.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.